NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 16 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-30009 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 1:16-cr-00067-BLW-2 |
| SERGIO CHAVEZ-VERDUZCO, AKA Sergio Armando Chavez-Verduzco, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted May 14, 2019[**]
Seattle, Washington

Before:  O'SCANNLAIN and FRIEDLAND, Circuit Judges, and EZRA,[***] District Judge.

Sergio Chavez-Verduzco appeals his convictions and sentence following a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

jury trial for conspiracy to distribute methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and for engaging in a continuing criminal enterprise ("CCE"), *see* 21 U.S.C. § 848(a), (c), as well as the district court's denial of his motion for acquittal, *see* Fed. R. Crim. P. 29.

1.  Reviewed de novo and construed in the light most favorable to the prosecution, the evidence presented at trial was sufficient for a rational jury to find every element of the conspiracy charge beyond a reasonable doubt.  *See United States v. Niebla-Torres*, 847 F.3d 1049, 1054 (9th Cir. 2017); *United States v. Wiggan*, 700 F.3d 1204, 1210 (9th Cir. 2012).  Based on the testimony of David Wales and other witnesses, the jury could have concluded beyond a reasonable doubt that Chavez-Verduzco agreed with some combination of Wales, co-defendant Sergio Chavez-Macias, and other unindicted individuals to sell methamphetamine.  Indeed, Wales testified that he did exactly that.  "It is well established that the uncorroborated testimony of a single witness may be sufficient to sustain a conviction," *United States v. Katakis*, 800 F.3d 1017, 1028 (9th Cir. 2015) (quoting *United States v. Dodge*, 538 F.2d 770, 783 (8th Cir. 1976)), and we do not review a jury's credibility determinations on appeal, *United States v. Endicott*, 803 F.2d 506, 515 (9th Cir. 1986).  The Government's additional evidence of text messages that its expert testified referred to drug transactions provided further evidence to support the verdict.

2

2.  Wales's testimony and the text messages are likewise sufficient to support a reasonable jury's continuing criminal enterprise verdict against Chavez-Verduzco.  The evidence recounted multiple events from which a reasonable jury could conclude that Chavez-Verduzco had committed at least two predicate offenses in addition to the conspiracy of which it found him guilty, and that the other elements of a CCE offense were satisfied.  *See United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1570-71 (9th Cir. 1989).

3.  The district court did not err in finding at sentencing that at least 45 kilograms of methamphetamine were involved in the same course of conduct or common scheme as the counts on which Chavez-Verduzco was convicted.  "[A] jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence."  *United States v. Watts*, 519 U.S. 148, 157 (1997) (per curiam); s*ee also United States v. Mercado*, 474 F.3d 654, 657-58 (9th Cir. 2007) (reaffirming holding of *Watts*).  Even assuming that the district court here was required to make its findings by clear and convincing evidence, it did not commit clear error in concluding that the evidence met that standard.  *See United States v. Treadwell*, 593 F.3d 990, 1000 (9th Cir. 2010).  Finally, the sentence that the district court imposed on Chavez-Verduzco after considering the relevant sentencing guidelines and factors enumerated in 18 U.S.C. § 3553, was neither

3

procedurally erroneous nor substantively unreasonable. *See United States v. Carty*, 520 F.3d 984, 996 (9th Cir. 2008) (en banc).

**AFFIRMED.**[1]

---

[1] We observe that counsel for Chavez-Verduzco appears to have copied a significant portion of his brief, verbatim and without citation, from a treatise on criminal law and drug prosecutions. We are deeply troubled by this conduct and strongly admonish counsel to include complete and appropriate citations in any filing to this—or any other—court.